# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

JOSEPH FLEISCHLI,              )
                              )
       Petitioner,        )
                              )
    v.                      )        No.  04-3092
                              )
UNITED STATES OF AMERICA,      )
                              )
       Respondent.         )

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner's Request for a Ruling on His Motion Filed Pursuant to the Provisions of 28 U.S.C. § 2255 Filed April 21, 2004 (d/e 14).  For the reasons stated below, this Motion is granted in part.

## BACKGROUND

On February 14, 2001, a jury in the United States District Court for the Central District of Illinois convicted Petitioner Joseph Fleischli (Fleischli) of seven weapons offenses.  Cent. Dist. Ill. Case No. 00-30008. Fleischli appealed his convictions to the Court of Appeals for the Seventh Circuit, which affirmed and issued its mandate on November 4, 2002.

United States v. Fleischli, 305 F.3d 643 (7th Cir. 2002).  Fleischli then filed a petition for writ of certiorari before the Supreme Court, which the Court denied on April 28, 2003.  On April 21, 2004, proceeding *pro se*, Fleischli filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (d/e 1) in the instant case.  A month later, he filed a Motion to Modify (d/e 5) his petition, which was later stricken with leave to refile.  On February 1, 2005, Fleischli filed a Supplemental Memorandum in Support of Previous Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (d/e 10).  Judge Richard Mills of this Court considered this pleading a Supplemental Petition for Habeas Corpus, apparently a replacement for Fleischli's previously stricken Motion to Modify his petition.  On June 2, 2005, the Court issued an Order (d/e 12) denying Fleischli's Supplemental Petition and closed the case.

The  Court  held  that  the  habeas  statute's  one-year  statute  of limitations barred Fleischli's petition, because he had failed to file within a year of the Seventh Circuit's issuance of the mandate on November 4, 2002. The Court's Order did not address the Supreme Court's April 28, 2003, denial of Fleischli's petition for writ of certiorari, however.  See Fleischli v. United States, 538 U.S. 1001 (2003).

Moreover, the Court's Order stated that Fleischli's April 21, 2004, Petition had been denied with leave to refile, and thus this Order explicitly denied only Fleischli's February 1, 2005, Supplemental Petition.  Yet, the case docket indicates that the Court never denied Fleischli's April 21, 2004, Petition; it only struck (with leave to refile) his May 28, 2004, Motion to Modify.  The Court's reading of the statute of limitations would have allowed it to dispense with the initial Petition at the same time it denied the Supplemental Petition, but because it believed that the initial Petition had been denied already, it did not rule on this filing explicitly.

On July 7, 2007, Fleischli filed Petitioner's Request for a Ruling on His Motion Filed Pursuant to the Provisions of 28 U.S.C. § 2255 Filed April 21, 2004 (d/e 14).  In this pleading, he argued that the Court had overlooked his Supreme Court petition for writ of certiorari and closed his habeas case without ruling on his initial habeas petition.  But Fleischli also alleged that he did not discover these errors for two years because he never received notice of the Court's June 2, 2005, Order.  He asserts that he only learned of the Order when his wife came to the federal courthouse in

Springfield to inquire about the status of his case.[1]  By Text Order dated July 25, 2007, this matter was reassigned to this Judge.

ANALYSIS

Fleischli's arguments have merit.  He is correct that the Court never actually ruled on his initial Petition.  He is also correct that the Court overlooked his petition for writ of certiorari, which Fleischli also failed to indicate had been filed.[2]  Thus Judge Mills miscalculated the starting date for the statute of limitations.  See Robinson v. United States, 416 F.3d 645, 650 (7th Cir. 2005) (holding that where an inmate files a petition for writ of certiorari, his conviction becomes final for purposes of § 2255 when the Supreme Court denies that petition).  Because Fleischli filed his Petition within one year of the Supreme Court's decision, the Court erred in dismissing his habeas petition as time-barred.  Ordinarily, Fleischli would have had two options in attempting to correct these errors: he could have appealed the Court's Order to the Seventh Circuit or moved under Federal

---

[1]Fleischli included in his Request for a Ruling an electronic printout of the case docket dated June 14, 2007.  The Court assumes this is when his wife visited the courthouse.

[2]In his April 21, 2004, Petition, Fleischli answered "No" to the question, "Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?"

Rule of Civil Procedure 60(b)(1) in the District Court for relief from judgment based on mistake or inadvertence.

The fact that Fleischli did not learn of the Court's Order for two years, however, makes the ordinary options closed to him now. To appeal a case to which the United States is a party, the appealing party must file a notice of appeal within 60 days after the judgment or order appealed is entered. Fed. R. App. P. 4(a)(1)(B). Clearly Fleischli missed that deadline. The Federal Rules also provide for a reopening of the time to file an appeal where the court finds that the moving party did not receive notice of the entry of judgment or order sought to be appealed within 21 days of entry -- which would seem to save Fleischli. Fed. R. App. P. 4(a)(6)(A). Except, even here, the movant must file "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B). This deadline has passed as well. Finally, Federal Rule of Civil Procedure 60(b)(1) allows courts to relieve a party from an order based on "mistake, inadvertence, surprise, or excusable neglect," but motions under this rule must be made within a year of the order's entry. So, Fleischli cannot take advantage of this rule either.

5

Even Rule 60(a) will not save his case.  The rule, which provides for relief from clerical mistakes no matter when they are discovered, states:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Fed. R. Civ. P. 60(a).  "It is settled that this rule applies only to an error of transcription, copying, or calculation, and not to a fundamental failure of discovery or notification."  <u>Bershad v. McDonough</u>, 469 F.2d 1333, 1336 (7th Cir. 1972).  Rule 60(a) does not allow a court to correct language that the judge intended the clerk to employ; "Rule 60(a) allows a court to correct records to show what was *done*, rather than change them to reflect what *should have been done*."  <u>Blue Cross and Blue Shield Ass'n v. Am. Express Co.</u>, 467 F.3d 634, 637 (7th Cir. 2006) (emphasis in original).  Here, the Court's statement that it previously had denied Fleischli's petition was incorrect, but it was not a transcription, copying, or calculation error; the Court intended the Order to include this statement.  The same is true for the Court's conclusion that the Seventh Circuit's issuance of the mandate triggered the statute of limitations.  Because the Court meant for the Order to include this language, and because it clearly meant to deny all pending versions of

Fleischli's petition, its errors were not clerical.

Given the timing, Fleischli is left with only one possibility, but he may take advantage of it.  Rule 60(b) authorizes courts to relieve a party from an order not just for mistake or inadvertence, but for a number of other reasons, including "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b)(6).  This subsection has only a "reasonable time" limit, not a one-year limit.  It is clear, though, that Rule 60(b)(6) is not a catch-all allowing parties who delayed filing to avoid the one-year window that limits the subsections under which their issues really fit. Pioneer Investment Svcs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 393 (1993).

Instead, subsection (6) is intended "to allow judgments to be set aside, without limitation of time, when the circumstances of its invocation are 'extraordinary.'" Lowe v. McGraw-Hill Cos., Inc., 361 F.3d 335, 342 (7th Cir. 2004).  The Seventh Circuit has concluded that where the court makes a "mistake" that normally would fall under subsection (1), but "there is just no way the party seeking to set aside the judgment could have discovered the ground for doing so within a year of its entry," extraordinary circumstances are present, and subsection (6) applies.  Id.  The Seventh

Circuit has explained that the one-year deadline applicable to subsection (1) is necessary to prevent prejudice from reliance on otherwise final judgments. Id. at 341.  In <u>Lowe</u>, it held that because the court failed to send the judgment at issue to the parties, and they did not discover it for 21 months, they never could have relied on the judgment and thus could apply for relief under Rule 60(b)(6).  <u>Id.</u>

The situation here is the same.  Fleischli did not discover the Court's June 2, 2005, Order until well after the one-year time limit had expired. Although he could have checked on the status of his case sooner, the same could be said for the party in <u>Lowe</u>.  And, unlike the civil party in <u>Lowe</u>, Fleischli is confined to a federal penitentiary, making his ability to research the progress of his case more limited.  Like the parties in <u>Lowe</u>, though, neither Fleischli nor the United States relied on this Judgment to their detriment.  Following <u>Lowe</u>, the Court holds that Fleischli can obtain relief under Rule 60(b)(6) from the Court's June 2, 2005, Order.  Fleischli did not explicitly ask for such relief, but as he is proceeding *pro se*, the Court reads his Motion as such a request and grants him relief from the Court's June 2, 2005, Order.  The Court will consider his initial Petition for Writ of Habeas Corpus and Supplemental Petition.

Because Fleischli's initial Petition for Writ of Habeas Corpus (d/e 1) and Supplemental Petition (d/e 10) are now before the Court, the Court makes the initial consideration of his Petition under Rule 4 of the Rules Governing § 2255 Cases. After a review of the Petition, this Court finds that a summary dismissal is not warranted. Therefore, pursuant to Rule 4, the Court directs the United States to respond to Fleischli's Petition and Supplemental Petition. The response shall discuss their merits and procedural postures. See Rule 5 of the Rules Governing § 2255 Cases.

THEREFORE, the Court ALLOWS Petitioner's Request for a Ruling on His Motion Filed Pursuant to the Provisions of 28 U.S.C. § 2255 Filed April 21, 2004 (d/e 14) in part and VACATES its June 2, 2005, Order (d/e 12) and its June 3, 2005, Judgment entered pursuant to this Order (d/e 13). The United States Attorney is ordered to file an answer pursuant to Rule 5 of the Rules Governing 28 U.S.C. § 2255 Cases to Petitioner's Petition on or before October 31, 2007. Fleischli is granted 21 days from the time the answer is filed to file a reply. The Clerk of Court is directed to send a copy of this Opinion to Fleischli and the United States Attorney.

IT IS THEREFORE SO ORDERED.

9

ENTER:   October 1, 2007

     FOR THE COURT:

                           _____ s/  Jeanne E. Scott _____
                                  JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE